692 F.2d 55
 34 UCC Rep.Serv. 1367
 In re Owen C. GLASS and Brenda O. Glass, Debtors.
Charles Darwin DAVIDSON, Trustee, Appellant,
v.
ARKANSAS RIVER VALLEY GRAIN DRYING COOPERATIVE & Lonoke
Production Credit Association, Appellees.
 No. 82-1504.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Oct. 12, 1982.
Decided Nov. 2, 1982.
 
 Charles Darwin Davidson, P.A., Little Rock, Ark., for appellant.
 Charles A. Walls, Jr., Lonoke, Ark., and Ronald A. May and Charles T. Coleman, Wright, Lindsey & Jennings, Little Rock, Ark., for appellee, Lonoke Production Credit Ass'n.
 Before BRIGHT and ARNOLD, Circuit Judges, and MEREDITH,* Senior District Judge.
 PER CURIAM.
 
 
 1
 In this adversary proceeding in bankruptcy, governed by the Bankruptcy Act of 1898, as amended, the trustee of the debtors' estate seeks to have a certain writing referred to as a "delivery debenture" included in the estate, for distribution among creditors generally. The Lonoke Production Credit Association (PCA) resists this request on the ground that it has a perfected security interest in the delivery debenture. The Lonoke PCA had the debenture in its possession at all material times. The issue is whether its security interest in the debenture was perfected by possession. The trustee contends that the interest could not be perfected without the filing of a financing statement, and no such statement was filed.
 
 
 2
 The Bankruptcy Court[1] held for the PCA. Under its analysis, the delivery debenture is a "security" within the meaning of the Uniform Commercial Code as adopted in Arkansas, Ark.Stat.Ann. Sec. 85-9-102(1)(a). If the delivery debenture is a "security," it qualifies as an "instrument" within the meaning of Ark.Stat.Ann. Sec. 85-9-105(1)(i), and a security interest in instruments, with exceptions not here relevant, can be perfected by the secured party's taking possession. Ark.Stat.Ann. Sec. 85-9-304(1).
 
 
 3
 On the trustee's appeal, the District Court[2] affirmed on the basis of the Bankruptcy Court's opinion.
 
 
 4
 We affirm, substantially for the reasons given by the Bankruptcy Court. The delivery debenture, issued to the debtors by Arkansas River Valley Grain Drying Cooperative, and later delivered to Lonoke PCA as security for a debt owed by the Glasses to it, confers two sorts of rights upon its holder. First of all, it evidences Arkansas River Valley's promise to pay, 15 years after date, $30,000 to Glass, plus interest at the rate of six per cent. per annum. Second, the writing confers upon the Glasses the right to dry and store a certain amount of rice and soybeans in Arkansas River Valley's facility. The document is in registered form, it is one of a series of documents issued by Arkansas River Valley, it evidences an obligation of the issuer, and, according to testimony credited by the Bankruptcy Court in its capacity as trier of fact, it is recognized in the area as a medium for investment. It is assignable and is transferred among farmers at a price which reflects, among other things, the need that they may have for drying and storage facilities from time to time. Although the delivery debenture is a unique item, apparently used only in farming, we agree with the Bankruptcy Court that it meets the definition of security in the Uniform Commercial Code. No purpose would be served by further elaboration on the well-reasoned opinion of the Bankruptcy Court.
 
 
 5
 The judgment is affirmed.
 
 
 
 *
 The Honorable James H. Meredith, Senior United States District Judge for the Eastern District of Missouri, sitting by designation
 
 
 [1]
 The Honorable Arnold Adams, United States Bankruptcy Judge for the Eastern District of Arkansas
 
 
 [2]
 The Honorable Garnett Thomas Eisele, Chief Judge, United States District Court for the Eastern District of Arkansas